FILED
U.S. DISTRICT COURT
M.D. OF GEORGIA
03 DEC 11 PM 1:13
C. Culston
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

CHUKWUMA AZUBUKO, :
:
Plaintiff, :
:
vs. :     5:03-CV-346-4(CAR)
:
BOARD OF BAR OVERSEERS OF THE :
SUPREME JUDICIAL CIRCUIT :
- MASSACHUSETTS :
:
Defendant. :

## ORDER TO TRANSFER

Plaintiff **CHUKWUMA E.C. AZUBUKO** of Boston, Massachusetts, commenced this *pro se* lawsuit on October 20, 2003, against defendant Board of Bar Overseers of the Supreme Judicial Circuit of Massachusetts. Plaintiff lists Defendant's address as being in Boston, Massachusetts. Plaintiff paid the required $150.00 filing fee.

The gravamen of Plaintiff's complaint is that two Massachusetts attorneys allegedly acted unethically in the handling of some claims Plaintiff had in Massachusetts state court. In his complaint, Plaintiff alleges that the Board of Bar Overseers did not discipline these attorneys adequately for their alleged actions. Plaintiff seeks a one year disbarment for the attorneys and compensatory and punitive damages in the amount of $2,000,000.00.

Federal courts are courts of limited jurisdiction. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994). To exercise subject matter jurisdiction over an action, this

A true and certified copy.
This 12-11 20 03
GREGORY J. LEONARD, CLERK
U. S. Dist. Court, MD Ga.
By: C. Culston
DEPUTY CLERK

Court must find that the action either involves a federal question, or involves citizens from different states and an amount in controversy in excess of $75,000. 28 U.S.C. §§ 1331, 1332.

In this case, the precise alleged basis for federal jurisdiction is not entirely clear. It is possible Plaintiff intends to sue under 42 U.S.C. § 1983. Diversity of citizenship does not appear to exist between Plaintiff and Defendant, in that both are located in Boston, Massachusetts. Regardless of whether Plaintiff has alleged a colorable federal question or whether jurisdiction is based solely on diversity, however, venue is not proper in this Court.

Under 28 U.S.C. § 1391, venue is proper: (1) if all defendants reside in the same state, in a judicial district where any defendant resides, (2) in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which the action may otherwise be brought, a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced or may be found.

Here, it appears that most or all of the events in the complaint are alleged to have occurred in Massachusetts. There is no evidence that any of the events giving rise to Plaintiff's cause of action occurred in Georgia. Plaintiff's complaint even acknowledges that "the feasibility or rationale for the measure [of filing in Georgia] might be questioned." Simply put, Georgia has no connection to this lawsuit. Therefore, venue in this district is improper.

When a district court discovers that it lacks venue over an action, the court should transfer that action if the transfer is in the interest of justice. 28 U.S.C. § 1631. Justice would normally require a transfer, rather than a dismissal, where the initiating litigant would be

2

required to incur additional filing fees in order to resubmit the action to the proper court, or where the misfiling causes a statute of limitations problem in terms of anticipated refiling. Lowery v. Estelle, 533 F. 2d 265 (5th Cir. 1976).

Because Plaintiff has paid the full filing fee of $150.00 for this action and may incur additional fees if required to refile, this action should be transferred rather than dismissed. In light of the above, the Clerk of Court is **DIRECTED** to transfer this action to the District of Massachusetts. See 28 U.S.C. § 1391(a)(2) & (b)(2).

**SO ORDERED**, this 11th day of December, 2003.

_____
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA

LTH/jec

ENTERED ON DOCKET
12-11, 20 03
Gregory J. Leonard, Clerk
_____
Deputy Clerk