UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

2004 FEB -6  P 12: 16

DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| CHUKWUMA E. AZUBUKO<br><br>    Plaintiff<br><br>vs.<br><br>BOARD OF BAR OVERSEERS OF THE<br>SUPREME JUDICIAL COURT<br><br>    Defendant | C.A. No. 04-CV-10192-WGY |

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT
## OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant, the Board of Bar Overseers of the Supreme Judicial Court of Massachusetts ("Defendant" or "BBO"), submits this memorandum of law in support of its motion to dismiss Plaintiff's Complaint. As grounds for this motion, Defendant states that this Court lacks subject matter jurisdiction over the Complaint and that the Complaint should be dismissed as frivolous under 28 U.S.C. § 1915.

### STATEMENT OF THE CASE

The plaintiff Chukwuma E. Azubuko ("Azubuko"), who "reside[s] in Massachusetts," brings this suit seeking monetary damages based on Defendant's failure or refusal to discipline two attorneys. Complaint at ¶¶ 1, 8. Plaintiff also seeks an injunction requiring Defendant to disbar these two attorneys. Id. at p. 6. Defendant is an independent agency of the

1

Commonwealth of Massachusetts, created pursuant to Supreme Judicial Court ("SJC") Rule 4.01(5)[1], with a principle place of business at 75 Federal Street, Boston, Massachusetts.

Plaintiff appears to allege that Defendant was negligent because it failed to discipline attorneys Giorlandino and Hines, both of whom opposed Plaintiff in earlier actions he filed in Massachusetts state courts and in this court (the "District of Massachusetts") and in the Southern District of New York (the "Southern District"). Complaint at ¶¶ 1, 2, 6. Plaintiff seeks damages resulting from the actions of attorneys Giorlandino and Hines in these earlier suits. Complaint at ¶ 8. It should be noted that Plaintiff does not articulate any basis for his damage claim (specifically, he does not explain what harm he has suffered). Further, Plaintiff does not allege any causal link between Defendant's inaction in failing to discipline attorneys Giorlandino and Hines and the damages to which Plaintiff alleges he is entitled.

Plaintiff has an extensive history of bringing frivolous and unsuccessful suits against the Commonwealth of Massachusetts and various of its agents and representatives (collectively, the "Commonwealth"), including against Assistant Attorney General Giorlandino who represented the Commonwealth in many of these suits. Plaintiff's litigation history against the Commonwealth includes numerous suits in Massachusetts state courts, two suits in the District of Massachusetts, which led to an appeal by Plaintiff to the First Circuit Court of Appeals, and two suits in the Southern District, which led to a consolidated appeal brought by Plaintiff in the Second Circuit Court of Appeals. In each of these suits, Plaintiff's claims against the Commonwealth have been dismissed.[2]

---

[1] A copy of this rule is attached to the Affidavit of Ernest L. Sarason, Jr. in Support of Defendant's Motion to Dismiss ("Sarason Aff.") as Exhibit 1.

[2] The history of these suits is set forth in some detail in the Second Circuit's unpublished decision in Azubuko v. Giorlandino, 2000 WL 553184 (2d Cir. 2000), which is attached as Exhibit 2 to the Sarason Aff.

Plaintiff's cases all arise out of two events. One was his 1990 expulsion from Framingham State College (the "College"). As noted in numerous of Plaintiff's suits in state court, Plaintiff's expulsion was due to Plaintiff's poor academic performance, which Plaintiff has repeatedly attempted to attribute to wrongdoing by his professors at the College. Plaintiff's suits also arise out of a 1989 motor vehicle accident that resulted in a monetary judgment against Plaintiff, which, in turn, resulted in a suspension of Plaintiff's driver's license when he refused to pay the judgment.

Having failed in his initial suits faulting the College and the Registry of Motor Vehicles for his expulsion and suspension of his license, respectively, Plaintiff elected to blame those involved with the judicial process for his expulsion and for suspension of his license. See Sarason Aff., Ex. 2. As a result of his various suits in the Massachusetts state courts, Massachusetts Superior Court Justice Hinkle entered a protective order prohibiting Plaintiff from initiating other suits in various Massachusetts state courts without prior approval of the Regional Civil Administrative Judge. See Exhibit 1 to Plaintiff's Complaint.

In an attempt to blame a variety of attorneys and clerks, Plaintiff resorted to suits in other jurisdictions, including suits in the Southern District and also the immediate suit, which he initially brought in the United States District Court for the Middle District of Georgia. See Sarason Aff. Ex. 2. After the Southern District dismissed Plaintiff's suits, he appealed to the Second Circuit, which affirmed the Southern District's dismissal and warned Plaintiff to refrain from filing further frivolous suits. See Sarason Aff., Ex. 2.

This case should likewise be dismissed. This Court lacks subject matter jurisdiction over the Complaint. Under the 11th Amendment to the United States Constitution, Defendant, as an independent agency of the Commonwealth of Massachusetts, is not subject to federal

jurisdiction. Further, the allegations in Plaintiff's Complaint are frivolous, at best, and warrant dismissal under 28 U.S.C. § 1915(e).

## ARGUMENT

### I. The Complaint Should Be Dismissed For Lack Of Subject Matter Jurisdiction.

#### A. Original jurisdiction lies with the Massachusetts state courts.

Original jurisdiction over this suit, if it states any claim, must lie with the Massachusetts Superior Court. The Massachusetts Superior Court is a Massachusetts trial court having "exclusive original jurisdiction of . . . [all civil] claims against the [state of Massachusetts]," both legal and equitable, including claims against Massachusetts public colleges, state agencies, and state officials. Mass. Gen. L. ch. 211B, § 1; Mass. Gen. L. ch. 212, § 3. See Sarason Aff. Ex. 3. As such, any claim against an agency of the Commonwealth, such as Defendant, must be brought in the Massachusetts Superior Courts. Accordingly, this Court should dismiss the Complaint for lack of subject matter jurisdiction.

#### B. Azubuko's damages claims against Defendant are barred by the Eleventh Amendment to the U.S. Constitution.

The Eleventh Amendment to the U.S. Constitution (the "Eleventh Amendment")[3] precludes monetary damages suits in federal court against States, State agencies, and State officials sued in their official capacities. Will v. Michigan Department of State Police, 491 U.S. 58, 70-71 (1989); Neitzke v. Williams, 490 U.S. at 327; Pennhurst State School & Hospital v.

---

[3] The Eleventh Amendment provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state." The Supreme Court has long held that the Amendment applies not only to suits by citizens of other states, but to suits between a state and one of its own citizens. Hans v. Louisiana, 134 U.S. 1 (1890).

Haldeman, 465 U.S. 89, 120 (1984); Edelman v. Jordan, 415 U.S. 651, 663 (1974); Whitney v. State of New Mexico, et al., 113 F.3d 1170, 1172-73 (10th Cir. 1997).

Here Plaintiff seeks damages from an independent agency of the Commonwealth of Massachusetts. Such a claim is clearly barred by the Eleventh Amendment and must, therefore, be dismissed.

## II.   The Complaint Should Be Dismissed As Frivolous Under 28 U.S.C. 1915(e).

This Court should dismiss the immediate Complaint as frivolous or malicious. As described below, Plaintiff's claims against Defendant have no reasonable basis in fact or law, and accordingly, it is proper for this Court to exercise its power under Section 1915(e) to dismiss Azubuko's suit as being frivolous or malicious.

"The [federal *in forma pauperis*] statute protects against abuses of th[e] privilege [set forth therein] by allowing a [U.S.] district court [judge] to dismiss the case 'if . . . satisfied that the action is frivolous or malicious.'" Denton v. Hernandez, 504 U.S. 25, 27 (1992), citing Neitzke v. Williams, 490 U.S. 319 (1989). Congress enacted this safeguard because "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." Denton, 504 U.S. at 31, citing Nietzke, 490 U.S. at 324.

The factual allegations of "an in forma pauperis litigant's [complaint] justify a [Section 1915(e)] dismissal [of the complaint] for frivolousness," Denton, 504 U.S. at 27, where the complaint "lacks an arguable basis either in law or in fact." Id., 504 U.S. at 31-32. Such complaints include those that make "claims describing fantastic or delusional scenarios." Id. In reviewing such complaints, a U.S. District judge "is not bound, as [he or she] usually is when

making a determination based solely on the pleadings [pursuant to Fed. R. Civ. P. 12(b)(6)], to accept without question the truth of the plaintiff's allegations." Denton, 504 U.S. at 32.

In seeking to recover damages based on alleged misdeeds by attorneys Giorlandino and Hines, Plaintiff essentially reiterates the allegations he made in his suits in the Southern District and, subsequently, in the Second Circuit. See Sarason Aff. Ex. 2. Having had an opportunity to litigate these issues, Plaintiff is barred by the doctrine of *res judicata* from attempting to relitigate them.[4]

In the immediate case, Plaintiff seeks to relitigate the underlying claims at issue in his suits before the Southern District and the Second Circuit. As noted by the Second Circuit, the claims at issue there arose out of Plaintiff's expulsion from the College and the suspension of his driver's license and included suits against Assistant Attorney General Giorlandino and Judge Hinkle and disputed Judge Hinkle's protective order. 2000 WL 553184 at *1 n.2, Sarason Aff. Ex. 2.

In the immediate suit, Plaintiff claims that Assistant Attorney General Giorlandino "manufactured evidence to achieve [deprivation of] Plaintiff's direct access to the Massachusetts' Suffolk Superior Court...." Complaint at ¶ 6. Additionally, in the immediate suit, Plaintiff claims that Judge Hinkle "presided over the case girlishly and sheepishly. Sadly, she uncritically and uncreatively acted upon the fabricated evidence. . . . That culminated in[] [the] deprivation of the Plaintiff['s] direct access to the said Court." Id. Plaintiff cites to the

---

[4] "'*Res judicata*' is the generic term for various doctrines by which a judgment in one action has binding effect in another." Bagley v. Moxley, 407 Mass. 633, 636, 555 N.E.2d 229, 231 (Mass. 1990) (*res judicata* doctrine precluded party's adverse possession claim because the claim could have been but was not raised in an earlier action claiming title to disputed property); McCarthy v. Town of Oak Bluffs, 419 Mass. 227, 232-33, 643 N.E.2d 1015, 1019 (Mass. 1994) (*res judicata* precluded party's assertion of certain property claims because of prior judgment against party's privies). Copies of these cases are attached as Exhibit 4 to the Sarason Aff.

6

protective order entered by Judge Hinkle requiring him to obtain "prior written approval of the Civil Regional Administrative Justice" before initiating any new claim in the Superior Court. The allegations are, for all practical purposes, identical to those before the Southern District. While Plaintiff's earlier suits do not appear to mention Attorney Hines by name, the suit to which Plaintiff connects Attorney Hines (the suit arising out of Plaintiff's car accident in front of the Boston Municipal Court that resulted in the April 1989 civil judgment against Plaintiff, see Complaint at ¶ 2) has already been the subject of multiple litigations, as set forth above.

The Southern District and the Second Circuit properly dismissed Azubuko's *in forma pauperis* complaints as being barred by the doctrine of *res judicata* because Azubuko "attempt[ed] to revive his claims related to [his expulsion and suspension of his driver's license] after unsuccessfully pursuing them in the Massachusetts state courts and the First Circuit." 2000 WL 553184 at *1, Sarason Aff., Ex. 2.

In its decision affirming the Southern District's dismissal, the Second Circuit warned Plaintiff that his pattern of frivolous and vexatious litigation would not be allowed to continue. Specifically, it held,

> [i]n light of Azubuko's extensive litigation history and his repeated attempts to relitigate the same claims in state and federal courts, the district court's warning was entirely appropriate....
>
> Furthermore, although we might not ordinarily issue an appellate warning unless the repeated frivolous actions were brought in this Court, Azubuko's repeated vexatious filings in the Massachusetts state courts, the First Circuit, and in the Southern District of New York; the filing of this frivolous appeal; and the filing of unnecessary motions in connection with this appeal justify the issuance of such a warning. Accordingly, this Court warns Azubuko that future frivolous filings may result in sanctions, which may include monetary sanctions or prohibition from further filings in this Court.

2000 WL 553184 at *1, Sarason Aff., Ex. 2. In response, Plaintiff has filed the immediate suit in a different circuit hoping to avoid the prohibition on further frivolous suits. Given that the allegations here mirror those before the Southern District and the Second Circuit, the immediate Complaint must be dismissed under the doctrine of *res judicata*.

## CONCLUSION

Based on the foregoing, Plaintiff's *in forma pauperis* suit should be dismissed.

Respectfully Submitted,
BOARD OF BAR OVERSEERS OF THE SUPREME JUDICIAL COURT
By its Attorneys,

THOMAS F. REILLY
ATTORNEY GENERAL

_____
Ernest L. Sarason, Jr., BBO #441980
Assistant Attorney General
Government Bureau/Trial Division
200 Portland Street, 3rd Floor
Boston, MA 02114
(617) 727-2200

Dated: February 4, 2004

## CERTIFICATE OF SERVICE

I, Ernest L. Sarason, Jr., Assistant Attorney General, hereby certify that I have this day, February 5, 2004, served the foregoing document upon the pro se plaintiff by mailing a copy first class, postage prepaid to: Chukwuma E. Azubuko, P.O. Box 1351, Boston, MA 02117-1351.

_____
Ernest L. Sarason, Jr.