UNITED STATES' DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| AZUBUKO - <br>    Plaintiff <br><br> vs. <br><br> BOARD OF BAR OVERSEERS OF <br> THE SUPREME JUDICIAL COURT - <br>    Defendant | CIVIL ACTION NO. <br> 04-CV-10192-WGY |

PLAINTIFF'S OPPOSITION TO "DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1) and 12(b)(2)

These would be the Plaintiff's recherché responses to the Defendant's classically palpably unintelligent and irresponsible motion in keeping with the head.

01) What convinced the Defendant to think/ing that the Court had no jurisdiction over the case? Undoubtedly, the Defendant had the notion that it had legal critical and creative thinking monopoly. If justice could prevail, such a vulturic propensity would hold no water. The Defendant should desist from patronizing! The Plaintiff was not a moronic consumer

of legal or judicial service. Federal R. Civ. P. 12 these and those had been recoursed to whenever Defendants had nothing to justify their palpable shameful, reckless and irresponsible conduct. The Defendant would not construct realities for the Plaintiff to jump at babyishly! The case lent itself to *strict liability*.

02)   The Court had jurisdiction if the case were filed in Massachusetts. "Failure to enforce the law" had statutory provision – 28 USC Section 1986. That qualified the case as a "federal question." It had constitutional bearings. [Article 3 (Section 2)] Therefore, the Defendant should desist from drawing a red herring across the trail. Factly, the Defendant's prayer lent itself to sophism and insensitivity.

03)   More, the Plaintiff prayed the Court to *re-transfer* the case to the Court the Plaintiff originally filed the case [in Georgia] The transfer to Massachusetts was indisputably *negligent* and crassly unconstitutional in nature. [28 USC Sections 1346(b) (1982) and 1361] For the optimum interest of justice, the case belonged to the United States' District Court - Middle District of Georgia. The Georgia's Court had jurisdiction under *"national contacts."* An excerpt read, thus:

> "The national contacts doctrine provides that in federal question cases, the court has personal jurisdiction over defendants when there is a statutory provision for nationwide service of process and defendants have sufficient contacts with United States, not the state in which the federal court sits.

*Federal Trade Commission v. Jim Walter Corp.*, 651 F.2d 251, 256-57 (5th Cir. Unit A July 1981)." *United Elect. Workers v. 163 Pleasant Street Corp.*, 960 F.2d 1080-86 (1st Cir. 1992) (holding that in federal question cases sufficient contacts to justify the assertion of personal jurisdiction exist whenever the defendant is served within the sovereign of the United States)."

04)   If the Court's failed to re-transfer the case as the Plaintiff effusively requested, then, it would culminate into deprivation of the procedural and substantive due process clause, liberty of contracts and equality before the law. The Defendant's prayer for incorporation of Ayatollahistic approaches into the United States' judicial system typified *legal impossibility*. The Plaintiff's prayer for the Court re-transfer of the case never hinged on judicial tokenism. It would be an avenue for exceptional respect for the rule of law, fundamental human rights and democracy.

## CONCLUSION

Without tergiversation, the Plaintiff objected the Defendant's motion, in all shapes and forms. It represented two-tongue-in-one-mouth approach to justice. It really deviated from reasonable and prudent persons' standards. The Court should not allow the Defendant to substitute thinking for feeling in the legal kingdom. Consciously, the Defendant had lost its policing power of erring Attorneys; the Defendant had knowingly trivialized the legal

ethics, therefore, the Court should let it know very well that "the head of stream should not be polluted."

Of course, removing the weeds from the farm meant bounteous harvest individually and collectively. The Defendant had mountainously closed its eyes at its policing responsibility and had unquantifiable spillover effects in the legal kingdom. The legal kingdom should not operate in dogs' breakfast manners! Sadly, the Defendant watched it with equanimity when it ought to stir its fingers. The "mayana"[1] modus operandi thunderous cried for urgent attention and the Court's adoption of wait-and-see approach would not be to the maximum, let alone optimum interest of justice. The *Mafiastic* propensity should be eradicated! The law had been no respecter of any person.

Respectfully submitted on Tuesday – February 10th – 2004.

_____
CHUKWUMA E. AZUBUKO,
Pro Se,
P. O. Box 1351,
Boston – MA 02117-1351.
Telephone # (617) 522 9163

---

[1] [Spanish's word for tomorrow]

## CERTIFICATE OF SERVICE

The Plaintiff under the penalties for perjury declared that a true copy of the head was served upon the Assistant Attorney General for the Defendant – Ernest L. Sarason, Jr. – at Office of the Attorney General of Massachusetts, Government Bureau/Trial Division, 200 Portland Street, 3rd Floor, Boston – MA 02114 – by the United States' Postal Service pre-paid first-class mail on Tuesday – February 10th – 2004.

_____
CHUKWUMA E. AZUBUKO,
Pro Se.