UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| AZUBUKO - <br>    Plaintiff <br><br> vs. <br><br> BOARD OF BAR OVERSEERS OF THE <br> SUPREME JUDICIAL COURT OF <br> MASSACHUSETTS - <br>    Defendant | CIVIL ACTION NO. <br> 04-CV-10192-WGY |

**PLAINTIFF'S SECOND MOTION FOR [JUDGE YOUNG] SELF-DISQUALIFICATION/RECUSAL**

The Plaintiff eventually received the Court's written verdict on the charade hearing of March 16th, 2004 dated March 31st *ultimo* on April 02nd – 2004. These would be the Plaintiff's responses to it.

01) Importantly, it would be tantamount to prostitution of much-needed time for the Plaintiff to particularize on the bases for the ruling. However, it should be noted that, what was not said during the hearing was included in the written verdict. That lent itself to innumerable conclusions. Well, "the ability to think/ing is likenable to a brief case and everyone goes with hers/his."

02) The scintillating issue should center on the head. The Court's *partiality* was conspicuous before and after the hearing. Indeed, there existed unhidden *conflict of interest*, therefore, the Plaintiff's prayer for recusal was legitimate and inevitable. Undoubtedly, the Court woefully failed to separate feelings from thinkings characteristically. Consequently, the Plaintiff's prayer should be granted unhesitatingly. The Oath of office should be honored, at all material times and not when seasonable.

03) The Plaintiff needed no prophet to knowing that a wo/man who would denied the Plaintiff direct access to a Court or act in non-compliance with the First

Amendment would not be able to examine his case with impartial manners. The Court's mind had been in/explicable poisoned before [and after] the case. The *Bantu* or South African apartheid-like methodology of administration of justice should be re-examined disinterestedly. The Plaintiff knew what was what! An equitable administration of justice never prevailed in the face of cancerous and dubious mindset. Of course, "the nose is on the face." Prevalence of equitable administration of justice in the face of the ugliest surrounding circumstances would be equal to "[the] eyes seeing the ears [without a mirror]"

    04)    An excerpt from the *Virginia v. Consumers Union*, 446 U.S. 719 (1980). read:

"We need not decide whether judicial immunity would bar prospective relief, for we believe that the Virginia Court and its chief justice properly were held liable in their enforcement capacities. As already indicated 54-74 gives the Virginia Court independent authority of its own to initiate proceedings against attorneys. For this reason the Virginia Court and its members were proper defendants in a suit for declaratory and injunctive relief, just as other enforcement officers and agencies were. 15."

    05)    The footnote 14 read:

"In Boyle v. Landry, 401 U.S. 77 (1971), and O'Shea v. Littleton, 414 U.S. 488 (1974), lower courts had entered injunctions against state officials including state-court judges. In each case, we reversed on the grounds that no case or controversy had been made out against any of the appellants in this Court; and in O'Shea, we concluded that even assuming that there was a case or controversy, insufficient grounds for equitable relief had been presented. We did not suggest, however, that judges were immune from suit in their judicial capacity."

    06)    From the self-same source another read:

"Gerstein v. Pugh, 420 U.S. 103 (1975), involved a judgment against state-court judges and a prosecuting official declaring unconstitutional an enjoining the enforcement of certain state statutes. The prosecutor brought the case to this Court. We affirmed the declaration that the Florida procedures at issue were unconstitutional and held that Younger v. Harris, 401 U.S. 37 (1971), did not bar injunctive relief in the circumstances of the case. No issue of absolute immunity was raised or addressed.

## CONCLUSION

Unexaggeratedly, an educated wo/man should manifest intellectual courage, intellectual humility and faith-to-reasons. Therefore, the Court should act expeditiously in keeping with the head. Indeed, the compliance should be seen as Hobson's choice!

If the Court listened, it would hear the voice of the Plaintiff. The law was no respecter of any person. The Court had no *jurisdiction* over the case from the outset and secondly, conflict of interest patently existed. The recusal prayer could be a mountainous task, but it was an honorable act for the Court to embark upon central to the ugly state of things between Judge Young and the Plaintiff for considerable period of time. The Plaintiff was the *Master* of case and would not like his interests to be killed or pulverized with equanimity or without a modicum of moral qualm.

Factly, no sane wo/man would luxuriate in smiling at the funeral. If the Court elected to do so, that was ironical and crassly insensitive. Of course, death awaited everyone, but prayer focused on longevity. Hopefully, "… *justice for all*…" maxim would be duly respected, in that juncture. If the Court stuck to its gun, the Plaintiff would commence legal proceedings. The Court's questionable measures against the Plaintiff diametrically qualified for law enforcement: they markedly deviated from judicial capacities. Hopefully, "the Court would be able to count its teeth with its tongue and refrains from smiling at the funeral." Above all, the animosity was known and for the interest of fair administration of justice, recusal prayer should be granted devoid of tergiversation and circumlocution. The Plaintiff was not praying with water in his mouth. Hopefully, Hannah's effusive prayer to God for fruit of womb or Samuel and Eli's misconstruction or misunderstanding of her as an alcoholic scenario should not prevail!

Respectfully submitted from Boston, Massachusetts on Thursday – April $0^{8th}$ – 2004.

CHUKWUMA E. AZUBUKO,
Pro Se,
P. O. Box 1351,
Boston – MA 02117-1351.
(617) 522 9163

## CERTIFICATE OF SERVICE

      Under the penalties for perjury, the Plaintiff certified that a true copy of the head was served upon the Assistant Attorney Generals for the Defendant – Sarson Jr and Joss – at The Commonwealth of Massachusetts, Office of the Attorney General, 200 Portland Street, Boston, MA 02114 on Friday – April 09th – 2004 by prepaid first-class mail.

_____
CHUKWUMA E. AZUBUKO,
Pro Se.