UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHUKWUMA E. AZUBUKO )<br>)<br>Plaintiff )<br>)<br>vs. )<br>)<br>BOARD OF BAR OVERSEERS OF THE )<br>SUPREME JUDICIAL COURT )<br>)<br>Defendant )<br>) | C.A. No. 04-CV-10192-WGY |

## DEFENDANT'S MOTION TO DISMISS
## PLAINTIFF'S SUSPENDED NOTICE OF APPEAL

Defendant, the Board of Bar Overseers of the Supreme Judicial Court of Massachusetts ("BBO") moves to dismiss Plaintiff's "Suspended Notice of Appeal." While it is not readily apparent from its face what Plaintiff claims as his grounds for appeal, the Court may dispense with Plaintiff's appeal on the grounds that it is not timely.

BACKGROUND

On October 20, 2003, Plaintiff filed his *pro se* suit against the BBO in the United States District Court for the Middle District of Georgia. The case was subsequently transferred to this Court. The precise nature of Plaintiff's complaint (the "Complaint") against the defendant is unclear from the Complaint. In his Complaint, however, Plaintiff did allege that the BBO was "reckless [in] handling of [c]omplaint[s] against" two attorneys who had represented parties sued by Plaintiff in earlier actions in the Massachusetts State Courts. Specifically, Plaintiff alleged that the BBO failed in its duty by not disciplining these two attorneys. Plaintiff sought both monetary damages and an

injunction requiring the disbarment for at least one year of both the attorneys about whose behavior he complained.

The BBO filed a motion to dismiss Plaintiff's Complaint on the grounds that this Court lacked subject matter jurisdiction over the Complaint and that the Complaint should be deemed frivolous under 28 U.S.C. § 1915. On March 31, 2004, following a March 16, 2004 hearing, this Court granted the BBO's motion to dismiss and entered judgment against Plaintiff. According to the Federal Rules of Appellate Procedure, Plaintiff had thirty days to file his notice of appeal. That thirty-day period expired on Friday, April 30, 2004.

Plaintiff filed two separate motions seeking to have Judge Young recuse himself, one the day before the Complaint was dismissed and the second on April 12, 2004. These motions were denied on March 31, 2004 and April 15, 2004, respectively. Plaintiff appears now to contend that the filing of these motions tolled the thirty-day appeals period. Plaintiff's argument, while creative, finds no support either in the case law or in the Federal Rules of Appellate Procedure.

## ARGUMENT

Plaintiff contends in his "Suspended Notice of Appeal" that his appeal is timely despite the fact that it was not filed until more than thirty days after judgment entered against him. Specifically, Plaintiff contends that because he filed, before the running of the thirty-day appeal period, two motions requesting that Judge Young recuse himself, the clock on the thirty-day appeal period was stayed. Such an argument, however, is not tenable given the explicit provisions of Federal Rule of Appellate Procedure 4(a)(4).

Federal Rule of Appellate Procedure 4(a)(4) governs the effect of a motion on the time for filing a notice of appeal. The rule sets forth a list of motions that toll the thirty-day appeal period until such time as an order is entered on any of the motions listed in the rule. The rule sets out six types of motions that stop the clock. Motions seeking recusal of the presiding district court judge are not among them. As such, Plaintiff may not claim that his motion stopped the clock.

The maxim of statutory interpretation "*expressio unius est exclusio alterius*" provides an appropriate framework for addressing the question raised by Plaintiff's "Suspended Notice of Appeal." As expressed by the Fifth Circuit Court of Appeals in United States v. Rocha, 916 F.2d 219, 243 (5th Cir. 1990), cert. denied 500 U.S. 924 (1991), and adopted by the First Circuit Court of Appeals in United States v. Newman, 982 F.2d 665, 673 (1st Cir. 1992), "[u]nder the principle of *expressio unius est exclusio alterius*, the enumeration of specific exclusions from the operation of a statute is an indication that the statute should apply to all cases not specifically excluded." Here, Federal Rule of Appellate Procedure 4(a)(4)(A) "enumerat[es] … specific exclusions" to which the thirty-day period does not apply. These exclusions include motions "(i) for judgment under Rule 50(b); (ii) to amend or make additional factual findings under Rule 52(b), whether or not granting the motion would alter the judgment; (iii) for attorney's fees under Rule 54 if the district court extends the time to appeal under Rule 58; (iv) to alter or amend the judgment under Rule 59; (v) for a new trial under Rule 59; or (vi) for relief under Rule 60 if the motion is filed no later than 10 days after the judgment is entered." Fed.R.App.Pro. 4(a)(4)(A). Having set forth these exclusions, the conclusion must be that in all other situations the thirty-day appeal period applies. Given that

Plaintiff's motions for recusal are not among the exclusions listed, the thirty-day appeal period must apply to Plaintiff's "Suspended Notice of Appeal." Accordingly, having filed his "Suspended Notice of Appeal" thirty-three days after judgment entered against him, Plaintiff's appeal is not timely and must, therefore, be denied.

Plaintiff's other option was to seek an extension of the permissible time for filing his notice of appeal. Federal Rule of Appellate Procedure 4(a)(5) provides the mechanism by which Plaintiff could have sought such an extension. Plaintiff did not take advantage of this option. Accordingly, the Court did not grant Plaintiff additional time within which to file his notice of appeal.

Having failed to file his notice of appeal in a timely manner, Plaintiff's notice of appeal should be dismissed. Plaintiff did not stop the clock on the thirty-day appeal period either by his motions seeking Judge Young's recusal or by filing motion for extension of time.

WHEREFORE, the BBO requests that this Court dismiss Plaintiff's "Suspended Notice of Appeal."

>Respectfully Submitted,
>BOARD OF BAR OVERSEERS OF THE
>SUPREME JUDICIAL COURT
>By its Attorneys,
>
>THOMAS F. REILLY
>ATTORNEY GENERAL
>
>_____
>Sarah M. Joss, BBO #651856
>Assistant Attorney General
>Government Bureau/Trial Division
>200 Portland Street, 3rd Floor
>Boston, MA 02114
>(617) 727-2200

Dated: June 1, 2004

**CERTIFICATE OF SERVICE**

      I, Sarah M. Joss, Assistant Attorney General, hereby certify that I have this day, June 1, 2004, served the foregoing document upon the pro se plaintiff by mailing a copy first class, postage prepaid to: Chukwuma E. Azubuko, P.O. Box 1351, Boston, MA 02117-1351.

_____
Sarah M. Joss